**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JOE HOLLAND**                                                                                    **PLAINTIFF**

**v.**                                                                 **CIVIL ACTION NO.** <u>1:22cv315 HSO-BWR</u>

**BILOXI/GULFPORT DOUGHNUT
COMPANY, INC. D/B/A KRISPY KREME**                                    **DEFENDANT**

**COMPLAINT
JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Joe Holland, by and through counsel, Watson &

Norris, PLLC, and files this action to recover damages for race discrimination and

retaliation in violation of Title VII and 42 U.S.C. § 1981 and sex discrimination/sexual

harassment/sexually hostile work environment and retaliation in violation of Title VII.  In

support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1.      Plaintiff, Joe Holland, is an adult male who resides in Harrison County,

Mississippi.

2.      Defendant, Biloxi/Gulfport Doughnut Company, Inc., d/b/a Krispy Kreme is

a Mississippi corporation licensed and doing business in the State of Mississippi that

may be served with process through its registered agent: Pamela D. Lee, 9347 Highway

49, Gulfport, Mississippi 39505.

**JURISDICTION AND VENUE**

3.      This Court has federal question jurisdiction over the claim asserted

against the Defendant and venue is proper in this Court.

4.      Plaintiff timely filed a Charge of Discrimination on April 6, 2021, with the

EEOC, a true and correct copy of which is attached as Exhibit "A."  On September 14, 2022, the EEOC issued a Dismissal and Notice of Rights, a true and correct copy is attached as Exhibit "B."  Plaintiff timely files this cause of action within ninety (90) days of receipt of his Dismissal and Notice of Rights.

## STATEMENT OF FACTS

5.      Plaintiff is a 35-year-old white male resident of Harrison County, Mississippi.

6.      Plaintiff was hired on May 31, 2019, as a Sanitation/Maintenance worker at the Biloxi/Gulfport Doughnut Company, Inc. d/b/a Krispy Kreme (BGDC).

7.      Beginning around August 2020, Plaintiff was the victim of ongoing sexual harassment from Laquida Williams (black female) and Lisa Riley (black female).

8.      At one point, Ms. Williams asked Plaintiff if he had ever had "chocolate."

9.      Plaintiff responded, "You mean a candy bar?"

10.     Ms. Williams then stated, "You know what I mean, baby."

11.     Plaintiff gave no response to this.

12.     Then as Ms. Williams was walking away, she stated, "If you want some 'chocolate,' you know where to find me."

13.     On another occasion, Ms. Williams asked Plaintiff what it would take for him to serve her breakfast in bed while wearing only his underwear.  Or, she offered, she could serve him breakfast in bed wearing only her underwear.

14.     Ms. Riley teasingly referred to Plaintiff as her "baby daddy" and her "work husband" when speaking to Plaintiff and to other employees.

2

15.     Plaintiff made his first formal complaint about the race discrimination combined with the unwelcomed sexual harassment to Assistant General Manager Gerriann Greenwald (white female) in September 2020.

16.     Ms. Greenwald responded that she would speak to Ms. Williams and Ms. Riley about it.

17.     After Ms. Greenwald spoke to the two women about their racially offensive sexually harassing comments, Ms. Williams and Ms. Riley became vindictive and mean-spirited toward Plaintiff.

18.     They referred to Plaintiff as "gay", "a homosexual" and "a whinny little pussy".

19.     At times, the two women even referred to Plaintiff using derogatory terms in the presence of customers.

20.     Other employees (Monnacca Jackson (black female) and Shantyana Simmons (black female) joined in the teasing of Plaintiff, goading on Ms. Williams and Ms. Riley and using the same pejorative labels listed above, i.e., "gay", "homosexual", etc.

21.     Sometimes when Plaintiff was working with a ladder, i.e., changing light bulbs or ceiling tiles, Ms. Williams and Ms. Riley deliberately bumped his ladder such that he was fearful of falling from a significant height.

22.     Because of their retaliatory and vindictive actions toward him, Plaintiff made several more similar complaints to Ms. Greenwald, but Ms. Greenwald displayed minimal concern and simply said she would talk to Ms. Williams and Ms. Riley again.

23.     Despite her 'talking to them', Ms. Williams' and Ms. Riley's vindictive and

spiteful behavior toward Plaintiff continued.

24.    On or around October 16, 2020, Plaintiff complained of sexual harassment and subsequent retaliatory behavior from Ms. Williams and Ms. Riley to Vice President Bernadette Switzer (white female).

25.    Ms. Switzer, however, appeared to show minimal interest in the complaint and directed Plaintiff to address the matter with Ms. Greenwald.

26.    Plaintiff continued as best he could and complained several more times to Ms. Greenwald because of the ongoing retaliatory comments and actions by Ms. Williams and Ms. Riley.

27.    Increasingly, Plaintiff was told that nothing was going to be done to correct the comments and behaviors and that he should simply just deal with it.

28.    Finally, in February 2021, Plaintiff again complained to Ms. Switzer, noting that the sexual harassment and the subsequent retaliatory comments and actions were continuing, Ms. Switzer stated, "Nothing is going to change and that's just the way it is."

29.    A little later in the conversation, Ms. Switzer stated, "If you want to resign, I'll understand…"

30.    Since Plaintiff's complaints of sexual harassment and the subsequent retaliatory comments and actions were essentially ignored and nothing was done to address them, on March 1, 2021, he was left with no choice but to consider himself constructively discharged.

31.    On April 6, 2021, Plaintiff filed an EEOC Charge against the BGDC for Race and Sex Discrimination, Sexual Harassment, and Retaliation.

32.     On April 23, 2021, in response to Plaintiff's EEOC Charge, Ms. Switzer at BGDC submitted a Position Statement.

33.     In the Position Statement, Ms. Switzer alleges that BGDC's business wholesale model changed in late December 2020 and that somehow this necessitated Plaintiff became more interactive with his co-workers.

34.     It is noteworthy that, as noted above, the sexual harassment from Ms. Williams and Ms. Riley began in August 2020, and Plaintiff made his first complaints of sexual harassment to Ms. Greenwald in September 2020.

35.     The alleged impact of this alleged change in business wholesale model is, therefore, not relevant.

36.     In the Position Statement, although Ms. Switzer alleges that she takes all sex harassment claims seriously, she does not identify when Plaintiff made his first complaint of sexual harassment.

37.     Moreover, Ms. Switzer's portrayal of Plaintiff's complaint, as well as the statements of both Ms. Riley and Ms. Williams, attempt to shift the focus onto Plaintiff's mother, Anna Holland, as though all the complaints allegedly came from her.

38.     Plaintiff contends that all these efforts to blame his mother (Anna Holland) are intended to cover up their (Ms. Riley's and Ms. Williams') sexually harassing behavior toward him.

39.     It is further disingenuous to mitigate the severity of the sexually harassing behavior by referring to Plaintiff as "sensitive".

40.    In the Position Statement, Ms. Switzer alleges it was her understanding that Ms. Riley and Ms. Williams kept their distance from Plaintiff after they were reprimanded by Ms. Greenwald.

41.    Plaintiff contends this was not what happened.

42.    Rather, as described above, Plaintiff maintains Ms. Riley and Ms. Williams displayed spiteful and vindictive behavior, e.g., bumping a ladder while he was on it and referring to him as "gay", "a homosexual" and "a whinny little pussy".

43.    Ms. Riley submitted a statement to the EEOC denying that she made sexually harassing comments toward Plaintiff.

44.    Ms. Riley alleged she calls everyone baby or little daddy.

45.    Plaintiff maintains, as noted above, that Ms. Riley called him her "baby daddy" and "work husband".

46.    Ms. Williams submitted a statement to the EEOC denying that she made sexually harassing statements to Plaintiff.

47.    Ms. Williams alleges she was just "shooting the shit".

48.    Plaintiff contends Ms. Williams made sexually harassing comments toward him, as described above.

49.    Plaintiff maintains that after he made complaints of sexual harassment, Ms. Riley, Ms. Williams, and Ms. Jackson all engaged in retaliatory comments toward him, referring to him as "gay", "a homosexual" and "a whinny little pussy".

50.    Plaintiff contends the statements of denial of sexual harassment by Ms. Williams, Ms. Riley, and Ms. Jackson are patently false.

51.     Plaintiff maintains that after September 2020 he continued to make complaints of sexual harassment and retaliation by Ms. Williams and Ms. Riley, several more times prior to February 2021.

52.     Plaintiff contends he complained far more than twice and many times prior to February 2021, i.e., the time alleged in the Position Statement as the second complaint by Plaintiff.

53.     In the Position Statement, Ms. Switzer claims she offered to move Plaintiff to first shift.

54.     Plaintiff admits that is true, yet he contends that Ms. Switzer was aware that this was not a feasible option for Plaintiff because of his other job, and the Position Statement openly states that Ms. Switzer was aware of this.

55.     The Position Statement also alleges that Plaintiff called out the entire last week of February 2021.

56.     Again, Plaintiff allows that this statement is true.

57.     Plaintiff took that time to carefully consider how to proceed.

58.     Plaintiff maintains he really did not want to quit; however, the working environment had become so intolerable that no reasonable person would continue to subject themselves to such a hostile work environment.

59.     After wrestling with the matter of how to proceed, Plaintiff eventually decided, as described above, that since his complaints were ignored and there was clearly no intention by management to adequately address the race discrimination and sexual harassment he was experiencing, he had no choice but to consider himself constructively discharged.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF TITLE VII AND 42 U.S.C § 1981 – RACE DISCRIMINATION

60.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 59 above as if fully incorporated herein.

61.     As described in detail above, Plaintiff has been discriminated against by the Defendant in the terms and conditions of his employment on the basis of his race.

62.     Plaintiff has been harmed as a result of the Defendant's discrimination, and the Defendant is liable to the Plaintiff for the same.

63.     The acts of the Defendant constitute a willful intentional violation of Title VII and 42 U.S.C § 1981 and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

### COUNT II: VIOLATION OF TITLE VII AND 42 U.S.C § 1981 – RETALIATION

64.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 63 above as if fully incorporated herein.

65.     As described in detail above, Plaintiff has been retaliated against by the Defendant in the terms and conditions of his employment because he engaged in protected activity as described above.

66.     Plaintiff has been harmed as a result of the Defendant's retaliation, and the Defendant is liable to the Plaintiff for the same.

67.     The acts of the Defendant constitute a willful and intentional violation of Title VII and 42 U.S.C. § 1981 and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

## COUNT III: VIOLATION OF TITLE VII – SEX DISCRIMINATION/SEXUAL HARASSMENT/SEXUALLY HOSTILE WORK ENVIRONMENT

68.      Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 67 above as if fully incorporated herein.

69.      As described in detail above, Defendant has discriminated against Plaintiff because of his sex based on the facts identified above which constitutes a violation of the Title VII.

70.      In addition, the actions of the Defendant as described in detail above constitute sexual harassment and created a sexually hostile work environment for the Plaintiff.

71.      As a result, Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep, humiliation, anxiety and emotional distress.

72.      The unlawful actions of Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff

## COUNT IV:  VIOLATION OF TITLE VII – RETALIATION

73.      Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 72 above as if fully incorporated herein.

74.      As described in more detail above, Defendant unlawfully retaliated against Plaintiff after he engaged in protected activity by making complaints of the sex discrimination, sexual harassment and sexually hostile work environment as described in detail above.

75.      The acts of the Defendant constitute a willful and intentional violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon

hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount

to be determined by the jury:

1.    Back wages and reinstatement; or
2.    Future wages in lieu of reinstatement;
3.    Compensatory damages;
4.    Punitive damages;
5.    Attorney's fees;
6.    Lost benefits;
7.    Pre-judgment and post-judgment interest;
8.    Costs and expenses; and
9.    Such further relief as is deemed just and proper.

THIS the 17th day of November 2022.

Respectfully submitted,

JOE HOLLAND, Plaintiff

By: /s/Louis H. Watson, Jr.
Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff


OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:  www.watsonnorris.com